ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 19 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

EBONY NICOLE MAYFIELD

Criminal Indictment

No. **1:22 C R 1 3 3**

THE GRAND JURY CHARGES THAT:

**Count One
Conspiracy to Commit Bank Fraud
18 U.S.C. § 1349**

1. Beginning on a date unknown, but at least as of May 2016 and continuing through at least February 2018, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, Ejiroghene Eghagha, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to commit bank fraud, an offense against the United States, that is to knowingly devise and execute and attempt to execute a scheme and artifice (i) to defraud financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation, that is, Wells Fargo Bank and JPMorgan Chase Bank NA, and (ii) to obtain and attempt to obtain moneys, funds, and assets owned by and under the custody and control of those financial

institutions by means of materially false and fraudulent pretenses,
representations, and promises, as well as by omission of material facts, in
violation of Title 18, United States Code, Section 1344.

### Background

At all times relevant to the Indictment:

2. Allen Ifechukwu Athan Onyema ("Onyema"), a Nigerian citizen, was the
founder, Chairman, and CEO of Air Peace Limited ("Air Peace"), a private
Nigerian airline based in Lagos, Nigeria, that provided passenger and charter
services.

3. Ejiroghene Eghagha ("Eghagha"), a Nigerian citizen, was the Chief of
Administration and Finance of Air Peace.

4. On or about April 4, 2016, a business attorney, at the direction of Onyema,
established Springfield Aviation Company, LLC ("Springfield Aviation") as a
Limited Liability Company registered in Atlanta, Georgia that purported to
specialize in the wholesaling, trading, and sale of commercial aircraft and parts.
Onyema was the owner of Springfield Aviation.

5. Onyema recruited Defendant MAYFIELD to act as a manager of Springfield
Aviation and to enter into contracts on its behalf.

6. Defendant MAYFIELD had no connection to the aviation business outside
of her role with Springfield Aviation and had no education, training, or licensing
in the review and valuation of aircraft, including aircraft components.

2

7. On or about July 18, 2016, Onyema opened a business checking account ending in 8621 in the name of Springfield Aviation Company, LLC at a Wells Fargo branch in Atlanta, Georgia ("WF 8621"). Onyema was the sole authorized signer on WF 8621.

## Scheme and Artifice to Defraud

8. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about May 2017, Onyema, on behalf of Air Peace, purchased several aircraft.

9. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about February 2018, Onyema, Eghagha, and others known and unknown to the Grand Jury, applied for export letters of credit to cause the transfer of funds from a Nigerian bank account for Air Peace to Springfield Aviation bank accounts controlled by Onyema, purportedly to fund the purchase of aircraft by Air Peace from Springfield Aviation.

10. The aircraft that was referenced in each of the export letters of credit was never owned or sold by Springfield Aviation.

11. In support of the letters of credit and to cause the disbursement of funds from either Wells Fargo Bank or JPMorgan Chase Bank NA into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, with intent to defraud, submitted false

documents to Wells Fargo, including fabricated purchase agreements, bills of sale, and valuation documents.

### Letter of Credit One – FB16ILL00063

12. In or around May 2016, Onyema, as the owner, Chairman, and CEO of Air Peace, negotiated and purchased the Boeing 737-500 aircraft bearing manufacturer's serial number ("MSN") 28721 ("Boeing 28721") from Commercial Jet Solutions, LLC. That sale was consummated by an Aircraft Purchase Agreement dated May 16, 2016, and a Bill of Sale dated July 13, 2016, for a total $2,078,000.

13. The purchase was completed using three wire transfers from WF 8020 totaling $2,078,000: $500,000 on or about May 16, 2016; $73,000 on or about May 23, 2016; and $1,505,000 on or about July 14, 2016.

14. In or about November 2016, Wells Fargo Bank received an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace. The letter of credit requested that Wells Fargo accept as a transfer $1,682,184 for the benefit of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28721 from Springfield Aviation, an aircraft already owned by Air Peace that was never owned by Springfield Aviation. The letter of credit was identified as FB16ILL00063. The directions for the letter of credit state that "Documents must strictly conform with the terms and conditions of the attached letter of credit" and that

4

"DOCUMENTS DATED PRIOR TO L/C OPENING DATE NOT
ACCEPTABLE."

15. In support of the letter of credit and to cause the disbursement of funds
from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD,
Onyema, Eghagha, and others known and unknown to the Grand Jury,
presented false documents to Wells Fargo.  Those documents included, among
others:

 a. Sales and Purchase Agreement dated June 1, 2016, between
  Springfield Aviation and Air Peace for the Boeing 737, signed by
  Onyema as Chairman/CEO of Air Peace and signed by Defendant
  MAYFIELD as Manager of Springfield Aviation, on or about
  September 22, 2016;

 b. Notarized Bill of Sale from Springfield Aviation to Air Peace, dated
  December 30, 2016;

 c. Commercial Invoice from Springfield Aviation to Air Peace, dated
  December 30, 2016;

 d. Valuation submitted on behalf of Springfield Aviation on December
  30, 2016, which purported to be a "full aircraft appraisal" by "JMI
  LLC" that estimated the current market value of the Boeing Aircraft
  as $3,000,000; and

5

    e. Delivery Certificate dated December 30, 2016, certifying that
       Springfield Aviation delivered Boeing 28721 to Air Peace in
       conformity with the terms of the letter of credit.

16. JMI LLC was not a valid business that conducted airplane valuations at
any time relevant to this Indictment.

17. On or about January 9, 2017, the letter of credit was amended to increase
the amount of the anticipated transfer to $2,000,000.

18. On or about February 10, 2017, Wells Fargo transferred $1,982,228.46 into
Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Two - LCITF-17-00414

19. In or about February 2017, Onyema, as the owner, Chairman, and CEO of
Air Peace, negotiated the purchase of Boeing 737-300 aircraft bearing MSN 27910
("Boeing 27910") from Florida-based AerSale, Inc. That sale was consummated
by an Aircraft Purchase Agreement dated April 25, 2017, and a Bill of Sale dated
May 25, 2017, to Air Peace for the price of $3,751,460.

20. Onyema initiated three wire transfers from WF 8020 totaling $3,751,460 to
complete the purchase: $1 million from WF 8020 on or about March 10, 2017;
$2,750,000 from WF 8020 on or about April 21, 2017; and $1,460 from an Air
Peace account at Fidelity Bank on or about May 25, 2017.

21. In or about March 2017, Wells Fargo Bank received an export letter of
credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace.

The letter of credit requested that Wells Fargo accept as a transfer $4,750,000 into WF 8621 held in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 27910 from Springfield Aviation, an aircraft that was never owned by Springfield Aviation. The letter of credit was identified as LCITF-17-00414.

22. On or about March 31, 2017, in support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

      a. Bill of Sale from Springfield Aviation to Air Peace, dated March 20, 2017;

      b. Commercial Invoice from Springfield Aviation to Air Peace, dated March 20, 2017;

      c. Valuation submitted on behalf of Springfield Aviation dated March 20, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,500,000.

23. On or about April 25, 2017, Wells Fargo transferred $4,750,000 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Three - ILCCOCBG1702932

24. In or about May 2017, Onyema, as the owner, Chairman, and CEO of Air Peace, negotiated the purchase of two Boeing 737-300 aircraft bearing MSN 28561 and 28562 ("Boeing 28561" and "Boeing 28562") from Texas based Jetran, LLC. The sale was consummated by two Bills of Sale, dated May 18, 2017, to Air Peace for the price of $3,600,000 for both aircraft.

25. Onyema initiated a wire transfer of $3,600,000 from WF 8020 to complete the purchase of Boeing 28561 and Boeing 28562 on or about May 15, 2017.

26. In or about October 2017, Wells Fargo Bank received another export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace. The letter of credit requested that Wells Fargo accept as a transfer $3,480,000 into WF 8621 held in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28561 from Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as ILCCOCBG1702932. The directions for the letter of credit stated "Documents must strictly conform with the terms and conditions of the attached letter of credit" and "SHIPPING DOCUMENTS PREDATING L/C OPENING DATE ARE NOT ACCEPTABLE EXCEPT FOR THE MANUFACTURER'S CERTIFICATE OF PRODUCTION AND PURCHASE AGREEMENT."

27. The letter of credit was later amended to increase the amount of the anticipated transfer to $4,900,000.

28. Between in or about October and in or about November, 2017, in support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, and Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, presented false documents to Wells Fargo.  Those documents included, among others:

   a. Sales and Purchase Agreement dated June 27, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

   b. Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

   c. Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

   d. Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,400,000; and

   e. Delivery Certificate dated October 11, 2017, certifying that Springfield Aviation delivered Boeing 28561 to Air Peace in conformity with the terms of the letter of credit.

29. On or about November 29, 2017, Wells Fargo transferred $4,899,690 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Four - LCITF-17-00555

30. In or about January 2017, Onyema, as the owner, Chairman, and CEO of Air Peace negotiated the purchase of a Boeing 737-300 aircraft bearing MSN 28660 ("Boeing 28660") from Oklahoma-based Aero Acquisitions, LLC. The sale was consummated by a Bill of Sale dated January 9, 2017 to Air Peace for the price of $2,315,000.

31. Onyema initiated two wire transfers from Wells 8020 totaling $2,318,000 to complete the purchase: $2,315,000 on or about January 4, 2017; and $3,000 on or about January 5, 2017.

32. In or about April 2017, Wells Fargo Bank received an export letter of credit request from United Bank for Africa PLC in Nigeria on behalf of applicant Air Peace. The letter of credit requested that Wells Fargo accept as a transfer $4,500,000 in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28660 from Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as LCITF-17-00555. The directions for the letter of credit stated "Documents must strictly conform with the terms and conditions of the attached letter of credit" and "SHIPPING DOCUMENTS DATED PRIOR TO LC ISSUANCE DATE OF 170421 ARE NOT ACCEPTABLE."

33. On or about June 19, 2017, Wells Fargo transferred $4,499,900 into Springfield Aviation's Wells Fargo account, WF 8621.

### Letter of Credit Five - FB17ILC00561C

34. As discussed above, Air Peace, through Onyema, acquired a Boeing 737-300 aircraft bearing MSN 28562 in or about May 2017, from Jetran, LLC.

35. In or about December 2017, JPMorgan Chase Bank, NA, received an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace. The letter of credit requested that JPMorgan Chase accept as a transfer $4,100,000 into JPMC 5512 held in the name of Springfield Aviation. The purpose of the letter was purportedly to fund Air Peace's purchase of Boeing 28562 from Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as FB17ILC00561C. The directions for the letter of credit stated "DOCUMENTS DATED PRIOR TO THE L/C OPENING DATE NOT ACCEPTABLE, EXCEPT THE PURCHASE AGREEMENT."

36. On or about February 20, 2018, JPMorgan Chase transferred $4,087,028.54 into Springfield Aviation's JPMorgan Chase account, JPMC 5512.

All in violation of Title 18, United States Code, Section 1349.

### Count Two
### Bank Fraud
### 18 U.S.C. § 1344

37. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

38. Beginning on a date unknown, but at least as of in or about June 2016 and continuing through at least in or about February 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema ("Onyema"), and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforementioned scheme and artifice (i) to defraud a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation and (ii) to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, promises, and omissions, presented the following false documents in support of an export letter of credit for Boeing 28721:

> a. Sales and Purchase Agreement dated June 1, 2016, between Springfield Aviation and Air Peace for the Boeing 737, signed by Onyema as Chairman/CEO of Air Peace and signed by Defendant MAYFIELD as Manager of Springfield Aviation, on or about September 22, 2016;

> b. Notarized Bill of Sale from Springfield Aviation to Air Peace, dated December 30, 2016;

    c.  Commercial Invoice from Springfield Aviation to Air Peace, dated December 30, 2016;

    d.  Valuation submitted on behalf of Springfield Aviation on December 30, 2016, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $3,000,000; and

    e.  Delivery Certificate dated December 30, 2016, certifying that Springfield Aviation delivered Boeing 28721 to Air Peace in conformity with the terms of the letter of credit;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

## Count Three
## Bank Fraud
## 18 U.S.C. § 1344

39. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

40. Beginning on a date unknown, but at least as of in or about February 2017 and continuing through at least in or about April 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforementioned scheme and artifice (i) to

13

defraud a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation and (ii) to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation by means of materially false and fraudulent pretenses, representations, promises, and omissions, presented the following false documents in support of an export letter of credit for Boeing 27910:

    a. Bill of Sale from Springfield Aviation to Air Peace, dated March 20, 2017;

    b. Commercial Invoice from Springfield Aviation to Air Peace, dated March 20, 2017; and

    c. Valuation submitted on behalf of Springfield Aviation dated March 20, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,500,000;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Four
### Bank Fraud
### 18 U.S.C. § 1344

41. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

42. Beginning on a date unknown, but at least as of in or about May 2017 and continuing through at least in or about November 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, with intent to defraud, for the purpose of executing the aforementioned scheme and artifice (i) to defraud a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation and (ii) to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation by means of materially false and fraudulent pretenses, representations, promises, and omissions, presented the following false documents in support of an export letter of credit for Boeing 28561:

    a. Sales and Purchase Agreement dated June 30, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

    b. Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

    c. Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

    d. Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by

"JMI LLC" that estimated the current market value of the Boeing
Aircraft as $5,400,000; and

e.  Delivery Certificate dated October 11, 2017, certifying that
Springfield Aviation delivered Boeing 28561 to Air Peace in
conformity with the terms of the letter of credit;

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### Count Five
### Conspiracy to Commit Credit Application Fraud
### 18 U.S.C. § 371

43. The Grand Jury hereby realleges and incorporates by reference the
factual allegations of paragraphs 2 through 36 of this Indictment as if the
same were fully set forth herein.

44. Beginning on a date unknown, but at least as of in or about November
2016 and continuing through at least in or about October 2017, in the
Northern District of Georgia and elsewhere, defendant EBONY NICOLE
MAYFIELD, Allen Ifechukwu Athan Onyema ("Onyema"), and Ejiroghene
Eghagha ("Eghagha") did knowingly and willfully combine, conspire,
confederate, agree, and have a tacit understanding with each other and others
known and unknown to the Grand Jury, to commit offenses against the
United States in violation of Title 18, United States Code, Section 1014, to wit,
to knowingly make false statements and reports, and willfully overvalue
property for the purpose of influencing the actions of institutions the accounts

of which were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1014.

### Manner and Means

45. Beginning on a date unknown, but at least as of in or about May 2016 and continuing through at least in or about May 2017, Onyema, on behalf of Air Peace, purchased several aircraft.

46. Beginning on a date unknown, but at least as of in or about November 2016 and continuing through at least in or about October 2017, Onyema, Eghagha, and others known and unknown to the Grand Jury, applied for export letters of credit to cause the transfer of funds from a Nigerian bank account for Air Peace to the Springfield Aviation WF 8621 bank account, purportedly to fund the purchase of aircraft by Air Peace from Springfield Aviation.

47. The aircraft that was referenced in each of the export letters of credit was never owned or sold by Springfield Aviation.

48. In support of the letter of credit and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, submitted false documents to Wells Fargo, including fabricated purchase agreements, bills of sale, and valuation documents.

**Overt Acts**

49. In furtherance of and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Georgia and elsewhere:

a. In or about November 2016, Onyema, Eghagha, and others known and unknown to the Grand Jury caused Wells Fargo Bank to receive an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace purportedly to fund Air Peace's purchase of Boeing 28721 from Springfield Aviation. The letter of credit requested that Wells Fargo accept as a transfer $1,682,184 into WF 8621 held in the name of Springfield Aviation.

b. In or about December 2016, in support of the letter of credit for Boeing 28721 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

    i. Sales and Purchase Agreement dated June 1, 2016, between Springfield Aviation and Air Peace for the Boeing 737, signed by Onyema as Chairman/CEO of Air Peace and signed by Defendant MAYFIELD as Manager of Springfield Aviation, on or about September 22, 2016;

    ii. Notarized Bill of Sale from Springfield Aviation to Air Peace, dated December 30, 2016;

    iii. Commercial Invoice from Springfield Aviation to Air Peace, dated December 30, 2016;

    iv. Valuation submitted on behalf of Springfield Aviation on December 30, 2016, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $3,000,000; and

    v. Delivery Certificate dated December 30, 2016, certifying that Springfield Aviation delivered Boeing 28721 to Air Peace in conformity with the terms of the letter of credit.

c. In or about March 2017, Onyema, Eghagha, and others known and unknown to the Grand Jury caused Wells Fargo Bank to receive an export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace. The letter of credit requested that Wells Fargo accept as a transfer $4,750,000 into WF 8621 held in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 27910 from Springfield Aviation. The letter of credit was identified as LCITF-17-00414.

19

d. On or about March 31, 2017, in support of the letter of credit for Boeing 27910 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

    i. Bill of Sale from Springfield Aviation to Air Peace, dated March 20, 2017;

    ii. Commercial Invoice from Springfield Aviation to Air Peace, dated March 20, 2017;

    iii. Valuation submitted on behalf of Springfield Aviation, dated March 20, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,500,000.

e. In or about October 2017, Onyema, Eghagha, and others known and unknown to the Grand Jury caused Wells Fargo Bank to receive another export letter of credit request from Fidelity Bank in Nigeria on behalf of applicant Air Peace. The letter of credit requested that Wells Fargo accept as a transfer $3,480,000 into WF 8621 held in the name of Springfield Aviation. The purpose of the letter of credit was purportedly to fund Air Peace's purchase of Boeing 28561 from

Springfield Aviation, an aircraft already owned by Air Peace. The letter of credit was identified as ILCCOCBG1702932.

f.  In or about October 2017, in support of the letter of credit for Boeing 28561 and to cause the disbursement of funds from Wells Fargo into Springfield Aviation's account, Defendant MAYFIELD, Onyema, Eghagha, and others known and unknown to the Grand Jury, presented false documents to Wells Fargo. Those documents included, among others:

   i.  Sales and Purchase Agreement dated June 30, 2017, between Springfield Aviation and Air Peace for Boeing 28561;

   ii.  Notarized Bill of Sale for the sale of Boeing 28561 from Springfield Aviation to Air Peace, dated October 16, 2017;

   iii.  Commercial Invoice from Springfield Aviation to Air Peace, dated October 11, 2017;

   iv.  Valuation submitted on behalf of Springfield Aviation dated October 10, 2017, which purported to be a "full aircraft appraisal" by "JMI LLC" that estimated the current market value of the Boeing Aircraft as $5,400,000.

   v.  Delivery Certificate dated October 11, 2017, certifying that Springfield Aviation delivered Boeing 28561 to Air Peace in conformity with the terms of the letter of credit.

21

All in violation of Title 18, United States Code, Section 371.

## Count Six
## Credit Application Fraud
## 18 U.S.C. § 1014

50. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

51. Beginning in or about November 2016 and continuing through at least in or about February 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly made false statements and reports, and willfully overvalued property for the purpose of influencing the actions of Wells Fargo Bank, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in an application, advance, commitment, and loan, and any change or extension thereof, to wit, submitting a false Sales and Purchase Agreement, a false Bill of Sale, a false Commercial Invoice, a false valuation, and a false Delivery Certificate, all in support of a letter of credit for Boeing 28721, in violation of Title 18, United States Code, Section 1014 and Section 2.

**Count Seven**
**Credit Application Fraud**
**18 U.S.C. § 1014**

52. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

53. In or about March 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly made false statements and reports, and willfully overvalued property for the purpose of influencing the actions of Wells Fargo Bank, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in an application, advance, commitment, and loan, and any change or extension thereof, to wit, submitting a false Bill of Sale, a false Commercial Invoice, and a false valuation, all in support of a letter of credit for Boeing 27910, in violation of Title 18, United States Code, Section 1014 and Section 2.

**Count Eight**
**Credit Application Fraud**
**18 U.S.C. § 1014**

54. The Grand Jury hereby realleges and incorporates by reference the factual allegations of paragraphs 2 through 36 of this Indictment as if the same were fully set forth herein.

55. In or about October 2017 through in or about November 2017, in the Northern District of Georgia and elsewhere, defendant EBONY NICOLE MAYFIELD, Allen Ifechukwu Athan Onyema, and Ejiroghene Eghagha, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly made false statements and reports, and willfully overvalued property for the purpose of influencing the actions of Wells Fargo Bank, a financial institution the accounts of which were insured by the Federal Deposit Insurance Corporation, in an application, advance, commitment, and loan, and any change or extension thereof, to wit, submitting a false Sales and Purchase Agreement, a false Bill of Sale, a false Commercial Invoice, a false valuation, and a false Delivery Certificate, all in support of a letter of credit for Boeing 28561, in violation of Title 18, United States Code, Section 1014 and Section 2.

## Forfeiture Provision

56. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendant EBONY NICOLE MAYFIELD shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from proceeds traceable to such offenses, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Indictment.

b. BANK FUNDS:

    i. $4,017,852.51 in funds seized from JP Morgan Chase Bank account number XXXXXXXXXXX5512 held in the name of Springfield Aviation Company, LLC.

    ii. $4,593,842.05 in funds held in Bank of Montreal Canada account number XXXXXXX7523 held in the name of Springfield Aviation Inc.

    iii. $5,634,842.04 in funds held in Bank of Montreal Canada account number XXXXXXX7515 held in the name of Bluestream Aero Services, Inc.

57. Upon conviction of one or more of the offenses alleged in Counts Six through Eight of this Indictment, the defendant EBONY NICOLE MAYFIELD shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, that constitutes or is derived from proceeds traceable to such offenses, including but not limited to the following:

a. MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Indictment.

    b.  BANK FUNDS:

          i.  \$4,017,852.51 in funds seized from JP Morgan Chase Bank account number XXXXXXXXXXX5512 held in the name of Springfield Aviation Company, LLC.

          ii.  \$4,593,842.05 in funds held in Bank of Montreal Canada account number XXXXXXX7523 held in the name of Springfield Aviation Inc.

          iii.  \$5,634,842.04 in funds held in Bank of Montreal Canada account number XXXXXXX7515 held in the name of Bluestream Aero Services, Inc.

58. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property described

above.

A _____TRUE_____ BILL

FOREPERSON

KURT R. ERSKINE
 *United States Attorney*

GARRETT L. BRADFORD
 *Assistant United States Attorney*
Georgia Bar No. 074374

IRINA K. DUTCHER
 *Assistant United States Attorney*
Georgia Bar No. 583088

CHRISTOPHER J. HUBER
 *Assistant United States Attorney*
Georgia Bar No. 545627

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181